UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
IN FRANKFORT

| | |
|---|---|
| ANTHONY S. DICKEY )<br>)<br>PLAINTIFF )<br>)<br>V. )<br>)<br>)<br>PROTOCOL RECOVERY SERVICE, INC. )<br>C/O Agent for Service of Process )<br>LexisNexis Document Solutions Inc. )<br>421 W. Main St. )<br>Frankfort, KY 40601 )<br>)<br>)<br>)<br>DEFENDANT )<br>) | CIVIL ACTION NO.<br><br>_____ |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

### I. PRELIMINARY STATEMENT

1. This case is brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692- 1692(o) ("FDCPA" or "the Act") which expressly prohibits a debt collector from engaging in abusive, deceptive, and unfair debt collection practices.

2. This case is brought against Protocol Recovery Service, Inc. ("Protocol") for its violations of the Act while attempting to collect a consumer debt ("Debt") allegedly owed by Plaintiff arising from a purported obligation to LVNV Funding LLC ("LVNV"), purchased from the original creditor -

1

Sears-Citi-Sears.

## II JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1640(e), 15 U.S.C. §1692k (d) and 28 U.S.C. §1337.

## III VENUE

4. Venue in the Eastern District of Kentucky is proper.

## IV PARTIES

5. Plaintiff is a "consumer" as defined in the Act at 15 U.S.C. §1692a (3); he lives in Bedford, Trimble County, Kentucky.

6. Defendant is a "debt collector" as defined in the Act at 15 U.S.C. §1692a (6) which regularly collects or attempts to collect debts owed or due or asserted to be owed or due another

7. The principal purpose of Protocol's business is the collection of consumer debts using the mails and telephone, and Protocol regularly attempts to collect consumer debts for others.

8. Protocol is incorporated under the laws of Georgia and its principal place of business is Georgia, but it regularly engages in and transacts business in the Commonwealth of Kentucky, including the Eastern District of Kentucky and throughout the United States through the use of the United States mails, telephone or other instrumentality of interstate commerce from its offices. Protocol is registered with the Kentucky Secretary of State to do business in the Commonwealth of Kentucky.

## V. FACTUAL ALLEGATIONS

9. Defendant attempted to collect a consumer debt that it alleged it was collecting on behalf of LVNV Funding, LLC.

10. In March 2007, Defendant began to frequently and repeatedly making harassing and threatening telephone calls to the Plaintiff's on his mobile telephone.

11. These telephone calls continued even after Plaintiff denied he owed the debt and requested verification of the debt.

12. These telephone calls continued even after Plaintiff notified Defendant that he had an attorney and that the attorney had sent a cease-contact letter to Redline Recovery Services, LLC, a debt collector who previously had been attempting to collect this same debt.

13. During one of these telephone calls, the caller identified himself as Mr. Chapman. Plaintiff repeatedly told Mr. Chapman that he did not owe this debt, that he did not want to speak with him and he notified Mr. Chapman that an attorney had sent a cease-contact letter and gave identifying information to contact the attorney.

14. Mr. Chapman continued to press Plaintiff for payment and told him that he would continue to call him until Plaintiff sent him a copy of the attorney's letter.

15. Plaintiff is a disabled former brick-layer who is on a limited income. He has only 450 minutes per month on this mobile telephone and it

3

caused him anxiety and distress when Defendant would use up his minutes that telephone being his only means of communication with the outside world.

16. The constant calling greatly upset Plaintiff, who was being treated for hypertension. The constant calling and harassment caused Plaintiff to have an anxiety attacks, which he experienced as chest pain and shortness of breath and extreme pressure in his head, making it feel like his head will explode.

17. Plaintiff also suffered humiliation, embarrassment and emotional distress as a direct result of Defendant's actions.

18. Defendant's first written communication to Plaintiff was by letter dated January 6, 2007; that letter did not contain the validation notice required by 15 U.S.C. § 1692g.

## VI CAUSES OF ACTION

## FDCPA VIOLATIONS

19. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation set forth above.

20. Without limiting the scope of Defendant's liability, Defendant's conduct as enumerated herein, at least, constituted the following violations of the Act as set forth herein:

(a) engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt,

prohibited by 15 U.S.C. § 1692d;

(b) failing to provide the validation notice in the first written communication as required by 15 U.S.C. § 1692g;

(c) engaging in harassing, oppressive and abusive conduct

(d) making repeated or continuous telephone calls intended to annoy, abuse or harass; and

(e) generally engaging in conduct through the use of any false, deceptive or misleading representation or means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10);

21. The FDCPA violations were intentional, willful and malicious.

22. Defendant is liable to the plaintiff for actual, statutory and punitive damages and attorney's fees.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

(A) for a judgment against Defendant for statutory damages;

(B) for a judgment against Defendant for all actual damages which he may be able to prove and any additional pecuniary loss he may have suffered;

(C) for a judgment against Defendant for punitive damages;

(D) for payment of reasonable attorney's fees incurred by counsel for the plaintiff in connection with the successful prosecution of this claim;

(E) for reimbursement for all costs and expenses incurred in connection with the successful prosecution of this claim;

5

(F) for a trial by jury on all appropriate issues; and,

(G) for any and all other relief this Court may deem appropriate

Respectfully submitted by:

/s/Ellen G. Friedman
Ellen G. Friedman
Attorney for Plaintiff
125 S. 6th St, Ste. 300
Louisville, Ky. 40202
(502)587-2000
(502) 587-1126 facsimile
efried@iglou.com

## VERIFICATION

I have read the forgoing complaint and all the facts contained therein are true and accurate to the best of my knowledge.

/s/ ANTHONY S. DICKEY
ANTHONY S. DICKEY

Subscribed and sworn to before me by ANTHONY S. DICKEY, this 27 day of December ~~August~~ 2007.

My commission expires: May 17 2008.

/s/ Carri Horsley
NOTARY PUBLIC
KENTUCKY, STATE AT LARGE

6